## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| ANGINO & ROVNER, | : | No. 68 MAL 2016 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY R. LESSIN & ASSOCIATES | : | |
| P.C. AND MONSOUR ZARREII A/K/A | : | |
| MICHAEL ZARREII, | : | |
| | : | |
| Respondents | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 13th day of June, 2016, the Petition for Allowance of Appeal is **GRANTED LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issues, as stated by petitioner, are:

a. Did the trial court err in granting summary judgment in favor of Mr. Zarreii and denying summary judgment to Angino & Rovner, P.C. where the facts are undisputed that Mr. Zarreii, an adult, knowingly and voluntarily entered into a contingent fee agreement with Angino & Rovner, P.C. that required the payment of a 20% fee if Mr. Zarreii discharged the Angino & Rovner Law Firm and secured other counsel, particularly under circumstances where the Angino & Rovner Law Firm had prepared the underinsured motorist case completely to the point of selecting arbitrators and awaiting an arbitration hearing.

b. Are attorneys prohibited *per se* from including a reasonable fee recovery provision in contingent fee agreements that governs the termination of the attorney-client relations prior to the occurrence of the contingency.

c.  Are discharged attorneys entitled only to the equitable remedy of *quantum meruit* for services rendered to former clients.

d.  Is the *quantum meruit* equitable remedy for services rendered to former clients exclusive where a termination provision is included in a contingent fee agreement, and that provision is not challenged and established to be either excessive or unconscionable?